IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                             CIV No. 01-747 MV/LFG

WILLIAM C. McCALL, aka BILL McCALL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff United States of America's Motion for Summary Judgment **[Doc. No. 18]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED**.

### BACKGROUND

This case is a continuing legal dispute from a previous civil action, *United States v. McCall*, CIV No. 95-846 M (D.N.M. Mar. 16, 1999), in which Senior District Judge Mechem ruled in Defendant's favor after a non-jury trial. The Tenth Circuit subsequently affirmed Judge Mechem's decision. *See United States v. McCall*, 235 F.3d 1211 (10th Cir. 2000). In that case, Plaintiff had attempted to foreclose on Defendant's property to secure several notes on which Defendant had defaulted. Judge Mechem ruled that Plaintiff was barred from pursuing a

foreclosure action because the parties had previously entered into an enforceable accord[1] to settle the dispute for $84,000. He additionally imposed sanctions on Plaintiff for its wanton behavior towards Defendant in pursuing the foreclosure action.

Plaintiff now brings this action to enforce the accord whereby Defendant must pay $84,000 in settlement of all claims for his default.[2] It is undisputed that Defendant has made no payment in satisfaction of the accord. On the contrary, Defendant asserts that by bringing the prior foreclosure action, Plaintiff effectively repudiated the binding accord, thereby relieving Defendant of all contractual obligations.

### STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d

---

[1] "An accord is 'an executory agreement to settle a claim.'" *Fleet Mortgage Corp. v. Schuster*, 112 N.M. 48, 49 (1991) (quoting *Western Bank v. Biava*, 109 N.M. 550, 551 (1990)).

[2] The Court notes that in the original Complaint, Plaintiff named William C. McCall, Ernest Sandker, Martha Sandker, Price's Ilfeld Hardware and Furniture Co., and Thoroughbred Publishers, Inc. as co-defendants in this action, but then named only William C. McCall in the Amended Complaint. The Court also notes that the parties entered into a stipulated order dismissing Plaintiff's alternative cause of action for foreclosure and Defendant's counterclaim for slander of title **[Doc. No. 16]**. Therefore, Mr. McCall is the only defendant currently in dispute with the government, and the sole cause of action is enforcement of the accord allegedly entered into by the parties.

995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, *Harsha v. United States*, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstrating to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. In such a situation, the moving party is entitled to judgment as a matter of law, "because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322.

## DISCUSSION

The facts are not in dispute in this case. Both parties agree that Judge Mechem barred Plaintiff's foreclosure action due to an enforceable accord that had been previously reached by the parties. Both parties further agree that Defendant to this date has made no payments in

satisfaction of the accord. The only issue before the Court is whether or not Plaintiff repudiated the accord by pursuing a foreclosure action, thus rendering the accord unenforceable and relieving Defendant of his obligations under the accord.

Plaintiff asserts that due to the prior litigation, the accord is currently enforceable against both parties pursuant to the doctrines of judicial estoppel, *res judicata*, and collateral estoppel. Plaintiff relies on all three doctrines in support of its contention that Defendant cannot currently argue that the accord *is not* an enforceable agreement when he took a directly contradictory position during the previous litigation that the accord *was* enforceable.

As a preliminary matter, the Court notes that it has original jurisdiction over this matter pursuant to 28 U.S.C. § 1345. Therefore, federal, not state, law regarding judicial estoppel applies, and Plaintiff's citation to New Mexico state law on that issue is inapposite. This is especially true given the Tenth Circuit's persistent rejection of the doctrine of judicial estoppel in this Circuit. *See United States v. 162 Megamania Gambling Devices*, 231 F.3d 713, 726 (10th Cir. 2000) ("[T]his circuit has expressly rejected the principle of judicial estoppel."); *BCD Corp. v. Peak Investment, Inc.*, 119 F.3d 852, 858 (10th Cir. 1997) ("The Tenth Circuit . . . has rejected the doctrine of judicial estoppel as being inconsistent with the spirit of the Federal Rules of Civil Procedure.").

Plaintiff is fortunate, however, that the U.S. Supreme Court recently found judicial estoppel to be a legitimate doctrine to be utilized by the courts, thereby overruling the Tenth Circuit's position on this issue. In *New Hampshire v. Maine*, the Court expressly held that when "a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary

position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." 532 U.S. 742, 749 (2001) (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)). The purpose of this rule is "to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* at 749–50 (quotations and internal citations omitted).

Although judicial estoppel is "probably not reducible to any general formulation of principle," the Supreme Court has noted the following factors that typically inform the application of this doctrine: (1) "a party's later position must be clearly inconsistent with its earlier position;" (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled;" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750–51 (quotations and citations omitted).

Defendant's current assertion that the accord is not an enforceable agreement is "clearly inconsistent" with his position during the prior litigation. It is evident from Judge Mechem's opinion that the primary argument against foreclosure was the creation of an enforceable agreement to settle the dispute for $84,000. Had no agreement existed, due to repudiation by one party or otherwise, Plaintiff could have chosen any course of action to satisfy its claim, including foreclosure. Thus, the creation of an enforceable agreement was a necessary predicate to bar the foreclosure action. Yet, Defendant now argues that there was no enforceable accord due to Plaintiff's repudiation of its obligations, in direct contradiction of his prior position.

It is also clear from Judge Mechem's opinion that Defendant succeeded in persuading that court to accept his position regarding the accord. Judge Mechem explicitly held that the "agreement in accord and satisfaction is supported by consideration and is otherwise enforceable, and . . . plaintiff could not, and cannot now, rescind it, reinstate the original indebtedness and take action on the mortgage." *McCall*, CIV No. 95-846 M, slip op. at 12. While it is true that Judge Mechem chose not to address whether or not Plaintiff could still collect the $84,000 that was refused prior to the foreclosure action, *McCall*, CIV No. 95-846 M, slip op. at 9, he nonetheless explicitly ruled on the enforceability of the accord in order to adjudicate the propriety of the foreclosure. Consequently, if this Court were to rule in favor of Defendant and find no enforceable accord to exist, it would effectively make a finding contrary to Judge Mechem's own conclusions.

Finally, should Defendant succeed in this case, he would surely become unjustly enriched by his convenient change in position with regard to the enforceability of the accord. Defendant has at no time argued that he did not, in fact, default on his debt to Plaintiff. Rather, Defendant entered into a settlement agreement with Plaintiff to settle the debt for $84,000 and successfully enforced that agreement rather than to pay an even greater amount through foreclosure. Although Plaintiff may have engaged in frivolous litigation by pursuing the prior foreclosure action, it was sanctioned for its conduct through reimbursement of Defendant's attorney's fees, costs, and expenses for that lawsuit. The Court does not believe Plaintiff should be further penalized by barring any recovery for the debt that is still currently due from Defendant.

## CONCLUSION

With consideration of the factors set forth in the *New Hampshire* decision, the Court finds Defendant to be judicially estopped from now asserting that the accord between the parties is not an enforceable agreement. Due to the Court's ruling, it does not find it necessary to address whether summary judgment should be granted on the bases of *res judicata* or collateral estoppel.

**IT IS THEREFORE ORDERED** that Plaintiff United States of America's Motion for Summary Judgment **[Doc. No. 18]** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that within 15 days of this order, Plaintiff must submit supplemental briefing in support of its demand for payment of interest, advances, attorney's fees, and other costs in addition to the judgment for $84,000. Defendant must submit its response within 15 days of Plaintiff's brief, and Plaintiff may reply 10 days thereafter.

Dated this 13th day of August, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
John W. Zavitz, Esq.
Howard R. Thomas, Esq.

Attorney(s) for Defendant(s):
Roger V. Eaton, Esq.
Daymon B. Ely, Esq.