IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                  CIV No. 01-747 MV/LFG

WILLIAM C. McCALL, aka BILL McCALL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Supplemental Briefing in Support of Award of Interest and Statutory Fee **[Doc. Nos. 36 & 39]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion will be **DENIED in part** and **GRANTED in part**.

### BACKGROUND

On March 16, 1999, following a nonjury trial, the District Court for the District of New Mexico, per Senior District Judge Mechem, found that the United States was barred from attempting to foreclose on Defendant McCall's property because the parties previously had entered into a settlement agreement on the underlying debt. *United States v. McCall*, CIV No. 95-846 M (D.N.M. Mar. 16, 1999). That settlement, under which Defendant is obligated to pay the United States $84,000, constituted an enforceable accord precluding foreclosure by the Government. The Tenth Circuit affirmed Judge Mechem's ruling on December 15, 2000.

On June 28, 2001, the Government brought suit to enforce the settlement, as Defendant had not made any payments despite the agreement. In response, Defendant argued that by

bringing the foreclosure suit, the Government in effect had repudiated the accord and thus released Defendant from the terms of the settlement agreement.

On August 13, 2002, this Court granted the Government's motion for summary judgment, finding that Defendant was judicially estopped from claiming the accord was unenforceable, given his contrary position in the earlier proceedings. However, due to an apparent clerical oversight, no final judgment was entered in the case. The Government subsequently filed a supplemental brief in support of its demand for postjudgment interest and statutory fees **[Doc. No. 36]**. Defendant filed a response, objecting to the Government's calculation of interest **[Doc. No. 37]**.

The Government seeks $14,240.56 in interest on the unpaid settlement agreement, which totaled Defendant's debt at $84,000. The Government argues that "[c]omputation of interest in this case involves post-judgment interest on the prior judgment (operating as pre-judgment interest in the instant case), and post-judgment interest on the judgment in the instant case." (Govt.'s Suppl. Br. at 1.) That is, the Government contends that interest on the principal debt began accruing on March 16, 1999 because that is the date on which Judge Mechem rendered his Memorandum Opinion and Order in the initial foreclosure suit and that is the date when Defendant's $84,000 debt was quantified.

Defendant responds that interest did not begin to accrue at that time because "interest does not begin to run until a court rules in favor of the party seeking the interest," and the Government clearly was not the prevailing party in that proceeding. Furthermore, Defendant argues the debt was not quantified when that judgment was issued, citing in support Judge Mechem's statement that,

[w]hether in 1999, plaintiff can collect the payment it refused in 1995, that is, whether

-2-

> defendants still have access to the funds, is a factual question not addressed at trial and remains a question outside the issues to be decided in this case. ... The only issue to be decided here is whether plaintiff can foreclose against defendant's property, and I find that it cannot.

*McCall*, CIV No. 95-846 M, slip op. at 9.

Defendant suggests that no award of interest in the present case is warranted because, as the Supreme Court has emphasized, under the plain text of the federal postjudgment interest statute applicable to this case, interest begins to run when judgment is entered, not when the verdict is issued. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990). Because this Court has not entered a final judgment in the present case, Defendant continues, no interest can be awarded.

The Court requested the parties to brief the proper method for calculating interest in cases where a separate, final judgment is not filed due to inadvertence. Defendant and the Government filed separate supplemental papers on that issue on March 24 and March 30, 2003.

## DISCUSSION

### *Postjudgment Interest*

The purpose in awarding postjudgment interest is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Kaiser Aluminum & Chem. Corp., v. Bonjorno*, 494 U.S. 827, 835-36 (1990) (quotations and citation omitted). The general federal postjudgment interest statute provides that "[i]nterest *shall be allowed on any money judgment* in a civil case recovered in a district court" and that "[s]uch interest shall be calculated *from the date of the entry of the judgment*." 18 U.S.C. § 1961(a) (emphasis added). Accordingly, an award of

postjudgment interest, commencing from the date judgment is entered, would be mandatory in the present case. *Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.,* 103 F.3d 80 (10th Cir. 1996) (citing 28 U.S.C. § 1961(a)).  The issue presently before the Court is how to calculate interest in cases where no judgment has been entered due to clerical error.

The Government attempts to circumvent this problem by arguing that the relevant "judgment" from which to begin calculating interest is March 16, 1999 – the date Judge Mechem issued his Memorandum Opinion and Order in the initial foreclosure action finding that an accord existed between the Government and McCall – and that interest accrues through the present time. In support of this position, the Government relies on a line of cases that built on the Supreme Court's implicit statement in *Kaiser Aluminum* that, in cases where multiple judgments have been filed, postjudgment interest under Section 1961 begins to run from the date of the first judgment that "ascertained" damages in any meaningful way. *Kaiser Alum.*, 494 U.S. at 835-36.  However, this "meaningfully ascertained" inquiry is inapplicable to the case at bar because it has been used only in situations where more than one judgment was filed in a single case, on the same issue. *See, e.g., Wheeler v. John Deere Co.,* 986 F.2d 413 (10th Cir. 1993) (dispute over whether interest ran from date of initial judgment awarding unquantified costs or from subsequent judgment quantifying amount of award); *Ramirez v. IBP, Inc.*, 35 F.Supp.2d 119 (D.Kan. 1998) (dispute over whether interest ran from date of verdict or from date of judgment, entered one year later).  In the present dispute, the March 16, 1999 judgment refers to litigation distinct from the case that was before this Court and that resulted in the August 16, 2002 Opinion and Order; although the two cases arise from a single set of underlying events, the entry of judgment in the case before Judge Mechem has no bearing on any recovery ordered by this Court in its August

2002 Opinion and Order.

Any argument that interest ought to be calculated using August 16, 2002 as the relevant start date is also without merit. Under the Supreme Court's holding in *Kaiser Aluminum*, postjudgment interest awarded pursuant to Section 1961 begins to run from the date of entry of judgment, not the date of verdict. The Tenth Circuit's development of this rule in cases where entry of judgment was delayed makes clear that, even in instances where the delay is due to clerical error or inadvertence, postjudgment interest will not begin to accrue until the judgment is entered formally.

In *Hull ex rel Hull v. United States*, 971 F.2d 1499 (10th Cir. 1992), the Tenth Circuit addressed a dispute over when postjudgment interest began to accrue pursuant to 31 U.S.C. § 1304(b)(1)(A), which allows recovery of interest against the United States. Although that case involved a different postjudgment interest statute than the one at issue here, the Court of Appeals extensively discussed cases dealing with the calculation of interest under 28 U.S.C. § 1961 as well, *Hull*, 971 F.2d at 1508-09, and noted that both statutes "require[] a judgment before the interest can begin to accrue," *id.* at 1508. The court further clarified that, for the purposes of calculating interest, the date of judgment was only the date on which the district court first satisfied the requirements of Rule 58 of the Federal Rules of Civil Procedure. Among other things, Rule 58 states that "[e]very judgment shall be set forth on a separate document" and that "[a] judgment is effective only when so set forth and when [the judgment is entered in the civil docket by the clerk] as provided in Rule 79(a)." FED. R. CIV. P. 58. In *Hull*, the Court of Appeals emphasized that the Tenth Circuit has applied this "separate document rule" strictly. Acknowledging that other circuits essentially "have adopted an equitable definition of 'judgment'

for purposes of awarding post-judgment interest" by calculating interest from the date of verdict in cases where no judgment was entered in conformity with Rule 58, the Tenth Circuit nevertheless stated that "the precedent in our Circuit precludes us from adopting such an approach." *Hull*, 971 F.2d at 1508 (affirming *Millers' Nat'l Ins. Co. v. Wichita Flour Mills Co.*, 257 F.2d 93, 104 (10th Cir. 1958) (refusing to calculate interest under 28 U.S.C. § 1961 from date of verdict even though judgment was not entered formally until two years later)).

Thus, while an award of postjudgment interest in the present case is warranted, interest will not begin to accrue until a judgment is formally entered.

### *Prejudgment Interest*

The general "longstanding rule [is] that parties owing debts to the Federal Government must pay prejudgment interest where the underlying claim is a contractual obligation to pay money." *United States v. Texas*, 507 U.S. 529, 533 (1993) (quotations and citations omitted). "A suit upon a contractual obligation to pay money at a fixed or ascertainable time is a suit to recover damage for its breach, including both the principal amount and interest by way of damage for delay in payment of the principal after the due date." *Royal Indem. Co. v. United States*, 313 U.S. 289, 295-96 (1941). In such cases, if no statute controls the calculation of interest, "the trial court is as competent to determine the amount of interest for delay as any other item of damage." *Id.* at 296, *quoted in United States ex rel C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1542 n.6 (10th Cir. 1987).

Since the suit before this Court sought enforcement of a settlement agreement and therefore was not governed by any statutory provision, the Court has the authority to determine the amount of post-breach, prejudgment interest, if any, to be awarded.

Although in *West Virginia v. United States*, 479 U.S. 305 (1987), the Supreme Court refused to balance the equities in holding that the state of West Virginia owed the United States prejudgment interest on an unpaid financial obligation, it stated in a footnote that, "[t]his is not to say that an equitable consideration such as laches cannot bar an otherwise valid claim for interest." *West Virginia*, 479 U.S. at 311 n.3 (citing *Bd. of Comm'rs of Jackson County v. United States,* 308 U.S. 343, 352-53 (1939)). In *United States v. Texas*, 507 U.S. 529 (1993), the Court further noted that "[t]he duty to pay prejudgment interest under the common law ... is by no means automatic." *Id.* at 536.

The Tenth Circuit has acknowledged as much in the two-fold inquiry it has outlined for determining whether to award prejudgment interest. Under this inquiry, such an award is warranted so long as, first, it will serve to compensate the injured party and, second, the equities do not militate against the compensation. *See, e.g., Caldwell v. Life Ins. Co. of N. Amer.*, 287 F.3d 1276 (10th Cir. 2002). In other words, "[i]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness." *FDIC v. Rocket Oil Co.,* 865 F.2d 1158, 1160 (10th Cir. 1989) (quoting *Bd. of Comm'rs of Jackson County*, 308 U.S. at 352); *see also Suiter v. Mitchell Motor Coach Sales, Inc.,* 151 F.3d 1275 (10th Cir. 1998) (while prejudgment interest is ordinarily awarded, it may be withheld for proper justification); *Overbrook Farmers Union v. Mo. Pac. R.R.*, 21 F.3d 360, 366 (10th Cir. 1994) ("Prejudgment interest is appropriate when its award serves to compensate the injured party and its award is otherwise equitable.").

In part, the Government has characterized its request for interest from March 16, 1999 through the present time as prejudgment interest in the instant case, with the date that judgment

was entered in the foreclosure action before Judge Mechem as the date the interest began to accrue. In that case, Judge Mechem concluded that suit was "a frivolous and groundless foreclosure action" brought by the Government and that the Agency to which McCall had owed money acted in a manner that was "neither fair nor forthright." *McCall*, CIV No. 95-846 M, slip op. at 14. The facts before the court indicated that, while Farmers Home Administration initially offered to settle McCall's debts for $76,894, it refused McCall's tender of several thousand dollars more only five months later, unilaterally "repudiat[ing] its own demand, refus[ing] the payment solicited, and then initiat[ing] an action to foreclose." *Id.* at 13-14. Despite the fact that the Agency had at its disposal the legal counsel of the United States Attorney and the Department of Agriculture, it failed to "utilize counsel or consider its circumstances in light of clear and long-standing legal principles." *Id.* at 14. Judge Mechem described the act of reneging on the settlement with McCall as conduct that "had no basis in fact or in law" and concluded that "[t]he agency's actions depart[ed] so far from reasonableness as to warrant the imposition of sanctions." *Id.* (citation omitted). On appeal, the Tenth Circuit upheld Judge Mechem's finding that the Government had acted in bad faith by claiming that no settlement agreement existed and in bringing the foreclosure suit.

In light of these facts, the Court finds that equitable considerations preclude an award of prejudgment interest to the Government. Although Defendant is responsible for the failure to pay in accordance with the terms of the settlement, the Government is also culpable for the delay in obtaining funds owed to it, to the extent it had refused to accept payment when tendered by Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Briefing in Support of Award of Interest and Statutory Fee **[Doc. Nos. 36 & 39]** is **DENIED** to the extent Plaintiff seeks prejudgment interest.  The Court hereby **GRANTS** Plaintiff postjudgment interest, starting from the date judgment is entered in the present case and running until the date that Defendant tenders payment.

Dated this 9th day of September, 2003.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MARTHA VAZQUEZ
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Attorney(s) for Plaintiff(s):
John W. Zavitz, Esq.
Howard R. Thomas, Esq.

Attorney(s) for Defendant(s):
Roger V. Eaton, Esq.
Daymon B. Ely, Esq.